UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                          Chapter 7


JOSEPH G. KELLEY CONSTRUCTION
MANAGEMENT, INC.,                                   Case No. 8-16-70246-LAS
                                    Debtor.


----------------------------------------------------------------X
ROBERT L. PRYOR, Esq., as Chapter 7 Trustee
of the Bankruptcy Estate of  JOSEPH G. KELLEY
CONSTRUCTION MANAGEMENT, INC.,

                        Plaintiff,                  Adv. Pro. No:

            - against -

SETH G. KELLEY,


                        Defendant.
----------------------------------------------------------------X

## COMPLAINT

        Plaintiff, Robert L. Pryor, the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate

of  Bankruptcy  Estate  of Joseph G. Kelley Construction Management, Inc.  (the "Debtor") , in

the above captioned  Chapter 7 proceeding, by his attorneys, Pryor & Mandelup, L.L.P., as and

for his Complaint against the Defendant, Seth G. Kelley (the "Defendant"), alleges as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATES

        1.        This is an adversary proceeding brought by the Trustee against the Defendant:

(i) pursuant to 11 U.S.C.§502(d),  § 544(b), §548, §550(a) and §551, New York Debtor &

Creditor Law Sections 273, 274 275 and 276, New York Business Corporation Law §510(a)

and §510(b) and Bankruptcy Rule 7001(1),  seeking a judgment avoiding certain pre-petition

transfers by the Debtor to or for the benefit of Defendant, and a money judgment against Defendant in the amount of said transfers, together with interest thereon, a common law cause of action for unjust enrichment/constructive trust, the imposition of an equitable lien and objecting to the allowance of any claims asserted by the Defendant pending the return of the subject transfers pursuant to 11 U.S.C. § 502(d).

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges entered in the United States District Court for the Eastern District of New York.

3.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(H) and 157(b)(2) (O).  In the event that this Court determines that any cause of action set forth herein does not constitute a core proceeding, then in such event, the Trustee consents to the issuance by this Court of final conclusions of law and findings of fact, pursuant to Bankruptcy Rule 7052(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4.      The statutory predicates for this proceeding are 11 U.S.C. § 502(d),  § 544(b), §548, §550(a) and §551,  New York Debtor & Creditor Law Sections 273, 274, 275 and 276, New York Business Corporation Law §§510(a), 510(b), Bankruptcy Rule 7001(1) and New York Common Law.

## **Defendant**

5.      Upon information and belief, Defendant, Seth G. Kelley, is an individual with an address at P.O. Box 5065, East Hampton, NY 11937.

## **BACKGROUND**

6.      On January 21, 2016  (the "Filing Date"), Debtor  filed with the Clerk of this Court a voluntary petition for relief under Chapter 7 of Title 11, United States Code, 11 U.S.C. § 101, *et seq.*, as amended (the "Bankruptcy Code").

7.       At said time, Robert L. Pryor, Esq., was appointed interim trustee of the Estate.

8.      On February 23, 2016, at the first meeting of creditors held, pursuant to Section 341 of the Bankruptcy Code, the Trustee became the permanent Chapter 7 Trustee of this Estate.

9.      The Defendant, Seth G. Kelley, was vice-president and 50% shareholder of the Debtor, Joseph G. Kelley Construction Management, Inc.

10.    According to the Debtor's tax returns for 2012, in addition to his regular salary, the Defendant received  shareholder distributions in the sum of $268,292.00 (the "2012 Distributions").

11.    According to the Debtor's tax returns for 2014,  in addition to his regular salary, the Defendant received  shareholder distributions in the sum $123,108.00 (the "2014 Distributions").

12 .    Upon  information and belief, the Defendant, Seth G. Kelley, is both an officer and  shareholder of the Debtor, Joseph G. Kelley Construction Management, Inc., and is an "Insider" of the Debtor, Joseph G. Kelley Construction Management, Inc. pursuant to 11 U.S.C. §101(31)(B).

13.    By letter dated December 7, 2017, Plaintiff  made demand for turnover of the 2012 Distributions and 2014 Distributions from the Defendant.

14.  The Defendant failed to turnover the 2012 Distributions and 2014 Distributions.

## COUNT I
### FRAUDULENT CONVEYANCE - 11 U.S.C. § 544(a) and (b) and DCL §§ 273, 278 and 279 (Conveyances by Insolvent)

15.    The Trustee realleges each allegation contained in Paragraphs "1" through "14" herein.

16.    The 2012 Distributions constituted a "conveyance", as that term is defined in DCL § 270, of all of the Debtor's  right, title  and interest in and to the sum  $268,292.00.

17.    The 2014 Distributions constituted a "conveyance", as that term is defined in DCL § 270, of all of the Debtor's  right, title  and interest in and to the sum  $123,108.00.

18.    Upon information and belief, at the time of the 2012 Distributions, the Debtor was  insolvent, or was  rendered insolvent thereby as that term is defined in DCL §271.

19.    Upon information and belief, the Debtor did not receive fair consideration for the 2012 Distributions.

20.    Upon information and belief, at the time of the 2014 Distributions, the Debtor was  insolvent, or was  rendered insolvent thereby as that term is defined in DCL §271.

21.    Upon information and belief, the Debtor did not receive fair consideration for the 2014 Distributions.

22.    By reason of the foregoing, pursuant to DCL § 273, the 2012 Distributions and the 2014 Distributions were  fraudulent as to the Debtor's creditors.

23.    Upon information and belief, at the time of the 2012 Distributions and the 2014 Distributions, the Debtor  had creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and the 2014 Distributions, pursuant to DCL § 278(1) and DCL § 273.

24.    Upon information and belief, at the time of the 2012 Distributions and the 2014 Distributions, the Debtor  had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and 2014 Distributions, pursuant to DCL § 279(c) and DCL § 273.

25.    By reason of the foregoing, and pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

26.    Upon information and belief, pursuant to DCL §§ 273, 278 and 279, the 2012 Distributions and 2014 Distributions would have been avoidable by: (i) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and that obtained, at such time, and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien;  (ii) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and obtained, at such time and with respect to such credit, execution against the Debtor that is returned unsatisfied at such time; and (iii) a *bona fide* purchaser of real property, other than fixtures, from the Debtor against whom applicable law permits such transfers to be perfected, that obtains the status of a *bona fide* purchaser and has perfected such transfers at the time of the commencement of Debtor's bankruptcy case.

27. By reason of the foregoing, pursuant to DCL §§ 273, 278 and 279, and 11 U.S.C. § 544(a), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

28.  By reason of the foregoing, the Trustee is entitled to judgment declaring the 2012 Distributions and 2014 Distributions avoided, pursuant to 11 U.S.C. § 544(a) and (b).

## COUNT II
### FRAUDULENT CONVEYANCE - 11 U.S.C. § 544(a) and (b) and DCL§§ 274, 278 and 279
 (Conveyances Resulting in Unreasonably Small Capital)

29.    The Trustee realleges each allegation contained in Paragraphs "1" through "28" herein.

30.    After making the 2012 Distributions to the Defendant, the Debtor was left with unreasonably small capital.

31.    After making the 2014 Distributions to the Defendant, the Debtor was left with unreasonably small capital.

32.    By reason of the foregoing, pursuant to DCL § 274, the 2012 Distributions and 2014 Distributions were fraudulent as to both present and future creditors of the Debtor.

33.    Upon information and belief, at the time of the 2012 Distributions and 2014 Distributions, the Debtor had creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and 2014 Distributions, pursuant to DCL §§ 274 and 278(1).

34.    Upon information and belief, at the time of the 2012 Distributions and 2014 Distributions, the  Debtor had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and 2014 Distributions, pursuant to DCL §§ 274 and 279(c).

35.    By reason of the foregoing, and pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

36.    Upon information and belief, pursuant to DCL §§ 274, 278 and 279, the 2012 Distributions and 2014 Distributions would have been avoidable by: (i) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and that obtained, at such time, and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien; (ii) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and obtained, at such time and with respect to such credit, execution against the Debtor that is returned unsatisfied at such time; and (iii) a purchaser of real property, other than fixtures, from the Debtor against whom applicable law permits such transfers to be perfected, that obtains the status of a purchaser and has perfected such transfers at the time of the commencement of Debtor's bankruptcy case.

37.    By reason of the foregoing and pursuant to DCL §§ 274, 278 and 279, and 11 U.S.C. § 544(a), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

38.    By reason of the foregoing, the Trustee is entitled to judgment declaring the 2012 Distributions and 2014 Distributions avoided, pursuant to 11 U.S.C. § 544(a) and (b).

**COUNT III**

**FRAUDULENT CONVEYANCE - 11 U.S.C. § 544(a)**
**and (b) and DCL§§ 275, 278 and 279**
**(Conveyances by Person About to Incur Debts)**

39.    The Trustee realleges each allegation contained in Paragraphs "1" through "38" herein.

40.    Upon information and belief, at the time of the 2012 Distributions and 2014 Distributions, the Debtor intended or believed that it would incur debts beyond its  ability to pay as they matured.

41.    By reason of the foregoing, pursuant to DCL § 275, the 2012 Distributions and 2014 Distributions was fraudulent as to both present and future creditors of the Debtor.

42.    Upon information and belief, at the time of the 2012 Distributions and 2014 Distributions, the Debtor had creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and 2014 Distributions, pursuant to DCL § § 275 and 278(1).

43.    Upon information and belief, at the time of the 2012 Distributions and 2014 Distributions, the  Debtor had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and 2014 Distributions, pursuant to DCL § § 275 and 279(c).

44.    By reason of the foregoing, and pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

45.    Upon information and belief, pursuant to DCL §§ 275, 278 and 279, the 2012 Distributions and 2014 Distributions would have been avoidable by: (i) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and that obtained, at such time, and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien; (ii) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and obtained, at such time and with respect to such credit, execution against the Debtor that is returned unsatisfied at such time; and (iii) a purchaser of real property, other than fixtures, from the Debtor against whom applicable law permits such transfers to be perfected, that obtains the status of a purchaser and has perfected such transfers at the time of the commencement of Debtor's bankruptcy case.

46.    By reason of the foregoing and pursuant to DCL §§ 275, 278 and 279, and 11 U.S.C. § 544(a), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

47.    By reason of the foregoing, the Trustee is entitled to judgment declaring the 2012 Distributions and 2014 Distributions avoided, pursuant to 11 U.S.C. § 544(a) and (b).

## COUNT IV
### FRAUDULENT CONVEYANCE - 11 U.S.C. § 544(a) and (b) and DCL §§ 276, 276-a, 278 and 279 (Conveyance with Intent to Defraud/Attorneys' Fees)

48.    The Trustee realleges each allegation contained in Paragraphs "1" through "47" herein.

49.     Upon information and belief, the Debtor made the 2012 Distributions and 2014 Distributions with actual intent to hinder, delay, or defraud either present or future creditors.

50.     By reason of the foregoing, pursuant to DCL § 276, the 2012 Distributions and 2014 Distributions were  fraudulent  as  to both present and future creditors of the Debtor.

51.     Upon information and belief, at the time the 2012 Distributions and 2014 Distributions were made, the  Debtor had  creditors with matured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid these transfers, pursuant to DCL § 278(1) and DCL § 276.

52.     Upon information and belief, at the time the 2012 Distributions and 2014 Distributions were made, the Debtor had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502, which creditors would have been entitled to avoid the 2012 Distributions and 2014 Distributions, pursuant to DCL § 279(c) and DCL § 276.

53.   By reason of the foregoing, and pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

54.   Upon information and belief, pursuant to DCL §§ 276, 278  and DCL 279, the 2012 Distributions and 2014 Distributions would have been avoidable by: (i) a creditor that extended credit to Debtor at the time of the commencement of Debtor's  bankruptcy case, and that obtained, at such time, and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien; (ii) a creditor that extended credit to Debtor at the time of the commencement of Debtor's bankruptcy case, and obtained, at such time

and with respect to such credit, execution against the Debtor that is returned unsatisfied at such time; and (iii) a purchaser of real property, other than fixtures, from the Debtor against whom applicable law permits such transfers to be perfected, that obtains the status of a purchaser and has perfected such transfers at the time of the commencement of Debtor's bankruptcy case.

55.    By reason of the foregoing and DCL §§ 276, 278 and 279, and 11 U.S.C. § 544(a), the Trustee may avoid the 2012 Distributions and 2014 Distributions.

56.    By reason of the foregoing, the Trustee is entitled to judgment declaring the 2012 Distributions and 2014 Distributions avoided, pursuant to 11 U.S.C. § 544(a) and (b).

57.    By reason of the foregoing, pursuant to 11 U.S.C. §§ 544(a) and DCL § 276-a, the Trustee is entitled to recover against Defendant, as the transferee of the Debtor, judgment for his reasonable attorneys' fees in this adversary proceeding in an amount to be determined by this Court.

## COUNT V-FRAUDULENT CONVEYANCE
## 11 U.S.C. §548 (a)(1)(A)

58.    The Trustee realleges each allegation contained in Paragraphs "1" through "57" herein.

59.    Pursuant to 11 U.S.C. 548(a)(1)(A), the Trustee may avoid any such transfer or obligation made with actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

60.     Upon information and belief, at the time the 2014 Distributions were made, the Debtor had creditors with matured unsecured claims allowable under 11 U.S.C. § 502.

61.     Upon information and belief, at the time the 2014 Distributions were made, the Debtor had creditors with unmatured unsecured claims allowable under 11 U.S.C. § 502.

62.     By reason of the foregoing, and pursuant to 11 U.S.C. § 548(a)(1)(A), the Trustee may avoid the 2014 Distributions.

## COUNT VI-FRAUDULENT CONVEYANCE
## <u>11 U.S.C. §548 (a)(1)(B)</u>

63.     The Trustee realleges each allegation contained in Paragraphs "1" through "62" herein.

64.     Pursuant to 11 U.S.C. 548(a)(1)(B)(i), the Trustee may avoid any such transfer or obligation wherein the Debtor received less than reasonably equivalent value in exchange for such transfer or obligation and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; or (III) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an Insider.

65. Upon information and belief, at the time that the 2014 Distributions were made, the Debtor received less than reasonably equivalent value in exchange for such transfer or obligation and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

66. Upon information and belief, at the time that the 2014 Distributions were made, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital.

67. Upon information and belief, at the time that the 2014 Distributions was made, the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

68. Upon information and belief, at the time that the 2014 Distributions were made, the Debtor made such transfer to or for the benefit of an Insider.

69. By virtue of the foregoing, the Trustee is permitted to avoid the 2014 Distributions pursuant to 11 U.S.C. 548(a)(1)(B).

## COUNT VII
### (New York Business Corporation Law Sections 510(a) and 510(b))

70. The Trustee realleges each allegation contained in Paragraphs "1" through "69" herein.

71. Pursuant to New York Business Corporation Law §510(a), a corporation may declare and pay dividends, or make other distributions in cash or its bonds or its property, including the shares or bonds of other corporations, on its outstanding shares, except when

currently the corporation is insolvent or would thereby be made insolvent, or when the declaration, payment or distribution would be contrary to any restrictions contained in the certificate of incorporation.

72.   Pursuant to New York Business Corporation Law §510(b), dividends may be declared or paid and other distributions may be made either (1) out of surplus, so that the net assets of the corporation remaining after such declaration, payment or distribution shall at least equal the amount of its stated capital, or (2) in case there shall be no such surplus, out of its net profits for the fiscal year in which the dividend is declared and/or the preceding fiscal year.

73.   Upon information and belief, at the time that the 2012 Distributions and 2014 Distributions were made to the Defendant, the Debtor had no surplus, so that the net assets of the corporation remaining after payment of both the 2012 Distributions and 2014 Distributions were less than the amount of its stated capital.

74.   Upon information and belief, at the time that the 2012 Distributions and 2014 Distributions were made to the Defendant, the Debtor did not report net profits for those years or the preceding fiscal years.

75.   Upon information and belief, at the time that the 2012 Distributions and 2014 Distributions were made to the Defendant, the Debtor was insolvent or rendered insolvent thereby.

76.  Upon information and belief, the 2012 Distributions and 2014 Distributions made to the Defendant were  contrary to  restrictions contained in the Debtor's certificate of incorporation.

77.    By virtue of the foregoing, the Trustee is permitted to avoid the 2012 Distributions and 2014 Distributions from the Defendant pursuant to New York Business Corporation Law §§510(a) and 510(b).

## COUNT VIII
## 11 U.S.C. § 105(a)
## (Unjust Enrichment/Constructive Trust)

78.    The Trustee realleges each allegation contained in Paragraphs "1" through "77" herein

79.    As a consequence of the 2012 Distributions and 2014 Distributions, the Defendant was unjustly enriched.

80.    By reason of the foregoing, the Trustee is entitled to judgment against Defendant for the value of Debtor's  interest  in the 2012 Distributions and 2014 Distributions, together with interest thereon from the date of said transfer, and imposition of a constructive trust for the benefit of  Debtor's bankruptcy estate over the property transferred and any proceeds derived therefrom, since the date of the 2012 Distributions and 2014 Distributions, which are in Defendant's possession, custody or control.

## COUNT IX

**11 U.S.C. §550**
**(Liability of Transferee of Avoided Transfer)**

81.      Plaintiff restates the allegations contained in paragraphs "1" through "80".

82.    Pursuant to  11 U.S.C. §550,  the Trustee may recover, for the benefit of the Estate, the property transferred, or, if the court so orders, the value of such property, from—

(1)      the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2)      any immediate or mediate Transferee of such initial transferee

83.    The 2012 Distributions and 2014 Distributions were a transfer of  the Debtor's interest in property made for the benefit of the Defendant, Seth G. Kelley.

84.      To the extent that the Trustee is successful in avoiding the 2012 Distributions and 2014 Distributions, the Trustee is entitled to a judgment for the value of  the 2012 Distributions and 2014 Distributions, or alternatively, an order directing that the 2012 Distributions and 2014 Distributions  be turned over to the Trustee as property of this Bankruptcy Estate to 11 U.S.C. § 550.

**COUNT X**
**11 U.S.C. §551**
**(Preservation of Avoided Transfer)**

85.     The Trustee repeats and realleges each and every allegation contained in Paragraphs "1" through "84" herein.

86.     Pursuant to § 551 of the Bankruptcy Code, applicable to the allegations set forth above, the Trustee is entitled to judgment preserving, for the benefit of the estate, the avoided Transfer.

87.     The Debtor cannot exempt, under 11 U.S.C. § 522(g), any portion of the 2012 Distributions recovered by the Trustee, because such transfer by the Debtor to the Defendant was a voluntary transfer of the Debtor's interest in the sum of $268,293.00 to the Defendant.

88.     The Debtor cannot exempt, under 11 U.S.C. § 522(g), any portion of the 2014 Distributions recovered by the Trustee, because such transfers by the Debtor to the Defendant was a voluntary transfer of the Debtor's interest in the sum of $123,108.00 to the Defendant.

## COUNT XI
## IMPOSITION OF AN EQUITABLE LIEN

89.   The Trustee realleges each allegation contained in paragraph "1" through "88" herein.

90.     At the time that the Defendant obtained the 2012 Distributions and 2014 Distributions from the Debtor, there was a confidential relationship between the Debtor and the Defendant, Seth G. Kelley.

91.    At   the time that the Defendant obtained the 2012 Distributions and 2014 Distributions from the Debtor, there was an express or implied agreement between the Debtor and the Defendant that the Debtor would have an ownership interest in or claim against the 2012 Distributions and 2014 Distributions.

92.    In equity and good conscience , a lien should be imposed as against the 2012 Distributions and 2014 Distributions for the benefit of the Bankruptcy Estate of Joseph G. Kelley Construction Management, Inc..

93.    The Defendant was unjustly enriched as the result of said transfers, and equity and good  conscience supports the imposition of a lien against the 2012 Distributions and 2014 Distributions in order  to redress said unjust enrichment.

94.    By virtue of the foregoing, Plaintiff is entitled to the imposition of an equitable lien against the  the 2012 Distributions in the sum of  $268,292.00.

95.    By virtue of the foregoing, Plaintiff is entitled to the imposition of an equitable lien against the  the 2014 Distributions in the sum of  $123,108.00.

## COUNT XII
## OBJECTION TO CLAIM
## 11 U.S.C. § 502(d))

96.    The Trustee realleges each allegations contained in paragraph "1" through "95" herein.

97.    Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of the

Defendant to the extent property is recoverable under §§ 542, 543, 550, or 553 of Title 11, or that

is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 547, 548, 549 or 724(a) of

Title 11, unless Defendant shall have paid the amount recoverable.

98.    Until such time as Defendant returns the 2012 Distributions and 2014 Distributions

to the Plaintiff, Defendant's claims, whether now or subsequently scheduled, filed or otherwise

asserted against the above referenced Chapter 7 Bankruptcy Estate, should be disallowed in

its/their entirety.

**WHEREFORE**, the Trustee demands judgment against Defendant, Seth G.

Kelley,  as follows:

i.)    On Count I, declaring the 2012 Distributions and 2014
Distributions avoided, pursuant to 11 U.S.C. § 544(a) and
(b), and DCL §§ 273, 278 and 279;

ii.)    On Count II, declaring the 2012 Distributions and 2014
Distributions avoided, pursuant to 11 U.S.C. § 544(a) and
(b), and DCL §§ 274, 278 and 279;

ii.)    On Count III, declaring the 2012 Distributions and 2014
Distributions avoided, pursuant to 11 U.S.C. § 544(a) and
(b), and DCL §§ 275, 278 and 279;

iv.)    On Count IV, declaring the 2012 Distributions and 2014
Distributions avoided pursuant to U.S.C. § 544(a) and (b),
and DCL §§ 276, 278 and 279, and pursuant to 11 U.S.C. §
544(a) and DCL § 276-a, awarding to the Trustee against
Defendant his reasonable  attorneys' fees and disbursements
in such amount as this Court shall determine;

v.)    On Count V, declaring the 2014 Distributions avoided,
pursuant to 11 U.S.C. § 548(a)(1)(A);

vi.)   On Count VI, declaring the  2014 Distributions avoided, pursuant to 11 U.S.C. § 548(a)(1)(B);

vii)   On Count VII, declaring the 2012 Distributions and 2014 Distributions avoided, pursuant to New York Business Corporation Law §510(a) and §510(b);

viii)   On Count VIII, pursuant to 11 U.S.C. § 105(a),  for the value of Debtor's interest in the 2012 Distributions and 2014 Distributions, and imposing a constructive  trust for the benefit of Debtor's bankruptcy estate on the 2012 Distributions and the 2014 Distributions;

ix.)   On Count IX, (i) to the extent that the Trustee is successful in avoiding the 2012 Distributions and 2014 Distributions, the Trustee is entitled to a judgment for the value of  the 2012 Distributions and 2014 Distributions, or alternatively, (ii) an order directing that the 2012 Distributions and 2014 Distributions  be turned over to the Trustee as property of this Bankruptcy Estate to 11 U.S.C. § 550;

x.)   On Count X, preserving the avoided transfers of the 2012 Distributions and the 2014 Distributions for the  benefit of the bankruptcy estate pursuant to 11 U.S.C. §551;

xi.)   On Count XI, imposing an equitable lien against the 2012 Distributions in the sum of $268,292.00 and imposing an equitable lien against the  the 2014 Distributions in the sum of  $123,108.00.

xii.)   On Count XII, disallowing any claims of the Defendant, until he turns over the 2012 Distributions and 2014 Distributions received from the Debtor, pursuant to 11 U.S.C. § 502(d); and

xiiia.)  For such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
January 17th , 2018

PRYOR & MANDELUP, L.L.P.
Attorneys for Plaintiff Trustee Robert L. Pryor


By:    *s/ Michael A. Farina*
Michael A. Farina.
675 Old Country Road
Westbury, New York   11590
(516) 997-0999


I:\Client_files\Joseph G. Kelly Construction Management\AdPro\ComplaintSethKelly.wpd